IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LARON MARKEITH HUTCHERSON,<br><br>Defendant. | Case No. 17-cr-00397-CRB-1<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |

Defendant Laron Markeith Hutcherson filed a pro se motion for compassionate release. See Pro Se Mot. (dkt. 41). The Court stayed the case while Mr. Hutcherson exhausted his administrative remedies, and appointed him CJA Panel counsel. See Order Staying (dkt. 42); Order Appointing CJA Panel Counsel (dkt. 45). Mr. Hutcherson has now filed a supplemental motion for compassionate release. See Mot. (dkt. 47).

Mr. Hutcherson is an inmate in the custody of the Bureau of Prisons, housed at FCI Sheridan. Id. at 1. FCI Sheridan currently has 12 inmates and 12 staff members who are infected with COVID-19. See bop.gov/coronavirus (last viewed 1/13/2021) Mr. Hutcherson seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), arguing that "extraordinary and compelling circumstances justify releasing Mr. Hutcherson and ordering home confinement as a condition of supervised release." Mot. at 8. Mr. Hutcherson points specifically to his obesity, history of smoking at least a pack of cigarettes a day, high cholesterol, history of severe substance abuse, and race (he is a Black man). See id. at 8–13. The government does not dispute that Mr. Hutcherson's obesity and history of smoking "make him more vulnerable to becoming seriously ill should he contract COVID-19." Opp'n (dkt. 55) at 8–9. It therefore does not dispute that Mr. Hutcherson has presented an extraordinary and compelling reason for release pursuant to USSG §

1B1.13 cmt.n.1(A). The government nonetheless opposes the motion because, it argues, Mr. Hutcherson is a danger to the community, and the 18 U.S.C. § 3553(a) factors do not weigh in his favor. Id. at 9–14.

The Court agrees that Mr. Hutcherson has not satisfied the requirements of the statute and the applicable Sentencing Commission policy statement. Mr. Hutcherson's motion for compassionate release is therefore denied.[1]

18 U.S.C. § 3582(c) provides that a "court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." A defendant may bring a § 3582(c) motion . . . after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). "[A]fter considering" the sentencing factors from 18 U.S.C. § 3553(a) "to the extent that they are applicable," a court may grant the motion to reduce the defendant's sentence in one of two circumstances, the first of which is "if it finds that . . . extraordinary and compelling reasons warrant such a reduction." Id. § 3582(c)(1)(A)(i). The application notes to U.S.S.G. § 1B1.3 enumerate five circumstances that establish "extraordinary and compelling reasons" to reduce a defendant's sentence, one of which applies here: extraordinary and compelling reasons are met if a defendant has "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii).

A reduction in sentence under § 3582(c) must also be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); see also Dillon v. United States, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission policy statement applicable to 18 U.S.C. § 3582(c)(2) remains mandatory, even after United States v. Booker, 543 U.S. 220 (2005)). The applicable Sentencing Commission policy statement, U.S.S.G. § 1B1.13, directs that a court may only grant compassionate release if it determines that "[t]he

---

[1] The Court previously vacated the hearing on this matter. See Modified Order (dkt. 53).

defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."[2]

Mr. Hutcherson has not satisfied all of these requirements.[3]

**1. Dangerousness**

Most significant, the Court is not reasonably assured, see Reply (dkt. 56) at 7 (quoting United States v. Hir, 517 F.3d 1081, 1092 n.9 (9th Cir. 2008)), that Mr. Hutcherson is not a danger to the community. 18 U.S.C. § 3142(g) sets forth the four factors for determining dangerousness: (1) "the nature and circumstances of the offense charged," (2) "the weight of the evidence against the person," (3) the history and characteristics of the person," and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."

Mr. Hutcherson was charged with violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), and 841(b)(1)(C) in connection with his distribution or and possession with intent to distribute cocaine base on multiple occasions in December 2016 to an undercover officer. See Indictment (dkt. 1); PSR (dkt. 36) ¶¶ 9–15. Mr. Hutcherson told the undercover officer that he "cooked" and "rocked" the cocaine base himself. PSR ¶ 10. The officer asked Mr. Hutcherson for firearms to purchase, and Mr. Hutcherson told him that he could get .40 caliber firearms in the box for $1,000. Id. ¶ 10. Following his arrest and initial appearance, Mr. Hutcherson was released to the New Bridge residential treatment program, but was terminated from New Bridge three months later "for continued unacceptable behavior and making verbal threats towards residents and staff." Id. ¶ 4.

Mr. Hutcherson pled guilty to Counts One, Two and Three of the Indictment, so there is no dispute about the weight of the evidence against him. Id.; Minutes of 12/12/2017 (Change of Plea Hearing) (dkt. 21). Although a magistrate judge initially granted Mr. Hutcherson release to a

---

[2] The Court rejects Mr. Hutcherson's assertion that the Court need not consider whether a defendant moving for compassionate release would be a danger to the safety of any other person or the community. See Reply at 3–5. Even if the Court were to accept that rather alarming assertion, the Court would nonetheless consider the need "to protect the public from further crimes of the defendant" in its analysis of the 18 U.S.C. § 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A) (requiring court to consider 3553(a) factors).

[3] Mr. Hutcherson has exhausted his administrative remedies. See Mot. at 7; Opp'n at 2. In addition, the CDC recognizes obesity as a risk factor for COVID-19. See CDC, People with Certain Medical Conditions, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited 1/12/2021).

3

halfway house, this Court reversed that release order.  See PSR ¶¶ 5–6; Minutes of 12/18/2017 (Detention Hearing) (dkt. 23); Motion to Revoke (dkt. 25); Minutes of 12/20/2017 (Motion to Revoke Hearing) (dkt. 26).  The government noted at that time that "defendant was cooking cocaine base in a house where children were present before selling the cocaine to an undercover agent."  Motion to Revoke at 3.  The Court ultimately sentenced Mr. Hutcherson to 80 months in prison—20 months higher than the mandatory minimum.  See Judgment (dkt. 40).

Mr. Hutcherson's history and characteristics concern the Court greatly, as they demonstrate a pattern of criminality, anger, and violence.[4]  Mr. Hutcherson's criminal history is extensive, beginning with battery with serious bodily injury in 1997 when he was 18, PSR ¶ 32, and including possession of a narcotic controlled substance (ages 20 and 21), id. ¶ 34–35, more battery (age 21), id. ¶ 36 ("He pushed Ms. Monroy onto the bed and then grabbed her face. . . . Mr. Hutcherson told Ms. Monroy to 'shut up' or he would hurt her"), Threaten Crime with Intent to Terrorize (age 26), id. ¶ 37 ("Mr. Hutcherson threatened her[,] stating if she called the police he would shoot her. . . . Mr. Hutcherson stated he was going to shoot her, her husband and at their house"); aggravated assault (age 27), id. ¶ 39 ("suspect began striking [the victim's] head and face with the pistol, followed by shoving the victim's head into a plate glass window. . . . suspect ran up and fired one shot, which struck the victim in the right side of his torso"); Unauthorized Entry of an Inhabited Dwelling and Simple Battery (age 28), id. ¶ 41 ("Hutcherson grabbed her arm and pulled her away from the door and back into the bedroom.  At this time the victim stated she began to yell for help and her friend (victim #2) came into the bedroom and attempted to pull Hutcherson away. . . . Hutcherson grabbed a tire iron and swung the tire iron and hit victim #2 and struck him on the head"), and Domestic Abuse Battery (age 30), id. ¶ 43 ("Hutcherson punched her behind the head and pushed her down on a bicycle outside on the porch.  He then stomped her face twice and threw a potted plant at her, striking her in the head.").  He had a particularly violent

---

[4] The Court accepts that Mr. Hutcherson's conduct is driven in part by his substance abuse.  See PSR ¶¶ 97 ("He reported using base cocaine during the course of his federal criminal investigation and up until he self-surrendered to law enforcement"), 98 ("Mr. Hutcherson considers crystal methamphetamine as his worst drug addiction that has caused the most pain and suffering in his life"), 99 ("long-standing polysubstance addiction").

4

incident of child abuse in 2010, at the age of 31, in which, angry at children about not finding their shoes, he "busted" a four year old "on the butt," hitting him "so hard that it caused [the boy] to fall forward and hit his head on the floor; landing on his neck." Id. ¶ 44. The boy ran for his mother and "Mr. Hutcherson followed behind whipping him." Id. When the boy's sister tried to get to her brother, "Mr. Hutcherson grabbed her by the throat and threw her down; ripping her shirt" and then "hitting and slapping her." Id. When the children's mother tried to intervene, "Mr. Hutcherson pushed her so hard that she fell down" and then he straddled her and "grabbed her around her neck." Id. While in custody for that incident, he threatened deputies, berated a female correctional officer, and "wrote 'Fuck you Connie' in human fecal matter." Id. After his release, Mr. Hutcherson was involved in theft (at age 35 and 37), id. ¶ 45–46, entering a noncommercial dwelling (age 38), id. ¶ 54, and was arrested for possession of a stolen vehicle, which police stopped him in while he was driving without a license and carrying what appeared to be crystal methamphetamine and two pipes (age 38), id. ¶ 55. He had a criminal history category of VI at the time of sentencing. See id. ¶ 47.

Mr. Hutcherson's persistent law-breaking and violence pose a clear danger to the community. While he argues that the underlying crime here "did not involve firearms, violence, or even a quantity of narcotics typically associated with federal prosecutions," see Mot. at 14, it did actually involve his offering to acquire firearms. See PSR ¶ 10. Moreover, the danger connected with narcotics is well known. United States v. Zaragoza, No. CR-08-0083 PJH (JCS), 2008 WL 686825, at *3 (N.D. Cal. Mar. 11, 2008) (Spero, J.) ("In assessing danger, physical violence is not the only form of danger contemplated by the statute. Danger to the community can be in the form of continued narcotics activity. . . ."). Mr. Hutcherson also argues that his recent convictions reveal that he has become less violent in recent years, and reflect not "an unrepentant, violent predator" but "a drug addict who committed crimes to feed his habit." Mot. at 14. The Court does not accept this characterization. Mr. Hutcherson's criminal history as a whole reflects an individual with uncontrolled anger who too readily resorts to threats and violence. Mr. Hutcherson's 2017 experience with New Bridge suggests that this problem is ongoing. Nor does the Court believe that—as impressive as Mr. Hutcherson's mother's own rehabilitation has been,

and as sincere as she seems in wanting to help him, see Mot. at 14; Joshuax Decl. (dkt. 52)—his release to her care could reasonably assure the community's safety.

### 2. 3553(a) Factors

The Court has also considered the applicable sentencing factors from 18 U.S.C. § 3553(a) and finds that they are inconsistent with granting Mr. Hutcherson's motion. As discussed above, Mr. Hutcherson's history and characteristics do not favor release. See 18 U.S.C. § 3553(a)(1). The Court sentenced Mr. Hutcherson to a term of 80 months, concluding that the mandatory minimum was not adequate. See Sentencing (dkt. 39); Judgment. His projected release date is July 27, 2023. Opp'n at 2. He has served less than half of his sentence. Id. at 14; see also Reply at 7 n.5. While Mr. Hutcherson rightly points out that courts have released individuals who have served smaller percentages of their sentences, see Reply at 7, the Court does not believe that releasing Mr. Hutcherson to home confinement would reflect the seriousness of his offense, sufficiently protect the public, or provide adequate deterrence. See 18 U.S.C. § 3553(a)(2).

For the foregoing reasons, Mr. Hutcherson's motion for compassionate release is DENIED.

**IT IS SO ORDERED.**

Dated: January 14, 2021

CHARLES R. BREYER
United States District Judge